IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,  :
            :
     Appellee,   :
            :
            :
v.     :     C.A. No. 17I-01117
            :
            :
MATTHEW JONES,   :
            :
            :
     Appellant.   :

FILED PROTHONOTARY
SUSSEX COUNTY
2020 APR 21 P 1: 05

**ORDER**

Submitted: 3/9/2020
Decided: 4/21/2020

Loren Holland, Esq. 820 N. French St., Ste. 5, Wilmington, DE 19801, Deputy Attorney General, State of Delaware.

Matthew Jones, 11366 Sussex Hwy, Greenwood, DE 19950, *Pro Se* Appellant.

## I. INTRODUCTION

The Court is in receipt of Matthew Jones's ("Jones") appeal of the Commissioner's decision dated February 28, 2020 on involuntary outpatient treatment. For the reasons discussed below, the Commissioner's decision is affirmed.

## II. FACTUAL AND PROCEDURAL HISTORY

Jones has been receiving treatment following an incident with a school located in Greenwood, Delaware. The incident involved Jones going onto school property and taking pictures and posting Facebook messages concerning the school and a teacher. Jones actions led to parents and the school contacting the Greenwood police. The police went to Jones's residence.

Upon arrival, Jones was shaking and yelling at police. He accused an officer of raping him and raping hundreds of children. Jones was admitted to the Rockford Center and diagnosed with schizophrenia. On November 22, 2017, the Commissioner entered an order authorizing outpatient treatment over objection. Jones has since been on repeated involuntary orders.

Following a hearing to determine whether Jones is in need of involuntary commitment, the Commissioner determined Jones was in need of outpatient treatment and the treatment of psychotropic medications may be administered over Jones's objection. The Commissioner found Jones suffers from a mental illness, schizophrenia, and his symptoms are controlled because he has been regularly receiving treatment and taking his medications. The Commissioner further found Jones is doing well in school and the community because of his treatment and not because he does not have a mental illness. The Commissioner also found Jones will not take his medications nor get treatment absent a court order. Without treatment, Jones worsens and ends up being hospitalized. The Commissioner determined that Jones poses a danger by his aggressive behavior and paranoia.

Jones now appeals making several challenges to the Commissioner's decision. Jones does not believe he suffers from schizophrenia. Jones argues the Commissioner refused to consider MRI evidence and rejected references from the Diagnostic and Statistical Manual of Mental Disorders, which Jones contends, alludes to Jones not having schizophrenia. Jones further contends his character reference letters and his academic achievements did not persuade the Commissioner. Jones also contends the medication is causing Jones to develop heart problems and the Commissioner did not rescind the medication. Lastly, Jones claims the diagnosis of schizophrenia is defamation and slander, hindering him from finding/maintaining employment and relationships.

## III. DISCUSSION

"Superior Court Civil Rule 132(a)(4) provides Commissioners the power to conduct case-dispositive hearings including, among other things, mental hearings."[1] A judge of the Court shall make a de novo determination of those portions of the report or specified proposed findings of fact or recommendations to which an objection is made. A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner.[2]

Pursuant to 16 Del. C. § 5013, a person shall be involuntarily committed by the court for outpatient treatment over objection only if all statutory requirements are satisfied by clear and convincing evidence. The statutory requirements are:

(1) The person is 18 years of age or older.
(2) The person has a documented mental condition.
(3) The person is reasonably expected to become dangerous to self or dangerous to others or otherwise unlikely to survive safely in the community without treatment for the person's mental condition.
(4) The person is currently refusing to voluntarily participate in the treatment plan recommended by the person's mental health treatment provider or lacks the capacity to determine whether such treatment is necessary.
(5) The person has a documented history of lack of adherence with recommended treatment for the mental condition, or poses an extreme threat of danger to self or danger to others based upon recent actions, that has either:
> a. Resulted in a deterioration of functioning that was observed to be dangerous to the individual's personal health and safety; or
> b. Resulted in a deterioration of functioning that was observed to be imminently dangerous to self or dangerous to others, including but not limited to suicidal ideation, violent threats, or violence towards others.
(6) All less restrictive treatment options have been considered and have either been determined to be clinically inappropriate at this time or evidence is offered to show that the person is not likely to adhere to such options.[3]

The Court concludes that the record supports each of the statutory requirements. Jones is over the age of 18. Dr. Capiro testified that Jones has a mental illness – schizophrenia. Jones has

---

[1] *Smith v. State*, 2019 WL 3231201, at *1 (Del. Super. Ct. July 17, 2019).
[2] Super. Ct. Civ. R. 132(a)(4)(iv).
[3] 16 *Del. C.* § 5013.

been hospitalized multiple times due to his illness. Testimony further provided that Jones presents a danger. When he does not receive treatment, Jones declines and exhibits aggressive behavior and paranoia. Jones does not believe he suffers from a mental illness. Jones has refused injections and has been under multiple court orders to maintain his treatment. Dr. Capiro testified that, in a recent discussion with Jones, Jones stated he would not take medications absent an order.

Jones has had at least eight previous hospitalizations due do his illness. The record supports a finding that, absent treatment, Jones declines. Dr. Capiro testified Jones has been doing well because he is currently managing symptoms with medications.

Jones presents several reasons for the appeal; however, they do not have merit. Jones does not believe he suffers from a mental illness; however, his medical history and the medical testimony proves otherwise. Furthermore, the evidence supports the Commissioner's conclusion that Jones is in need of treatment.

## IV. CONCLUSION

Considering the foregoing, the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge